IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-14-130 |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-2073 |
| AMO RWEYEMAMU MTAZA. | § | |

## ORDER

Pending before the Court is defendant's *pro se* motion for reconsideration of the Court's denial of his section 2255 proceeding. (Docket Entry No. 151.) The Court liberally construes defendant's motion as one filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Because defendant's Rule 60(b) stands as an unauthorized successive section 2255 motion, the motion is DISMISSED FOR WANT OF JURISDICTION, as follows.

The Court denied section 2255 relief on October 16, 2017. Defendant filed the instant motion on March 19, 2018, seeking reconsideration of that denial. In support, defendant argues that the Court improperly reviewed the evidence and misapplied the applicable law. In short, defendant challenges this Court's merits-based resolution of his section 2255 habeas claims.

A Rule 60(b) motion that raises new claims or attacks the district court's merits-based resolution of prior habeas claims should be construed as a successive habeas application. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 & n.4 (2005); *Williams v. Thaler*, 602 F.3d 291, 304 (5th Cir. 2010). Consequently, defendant's pending motion

for reconsideration constitutes an unauthorized successive section 2255 habeas petition. Because neither defendant nor public records for the Fifth Circuit Court of Appeals show that defendant requested and obtained authorization from the Fifth Circuit to pursue a successive habeas petition, defendant's motion must be dismissed for want of jurisdiction. *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000).[1]

Defendant's Rule 60(b) motion for reconsideration (Docket Entry No. 151), construed as an unauthorized successive habeas petition, is DISMISSED FOR WANT OF JURISDICTION. A certificate of appealability is DENIED.

Defendant's motions for mandamus relief (Docket Entry No. 149) and for entry of judgment (Docket Entry No. 150) are DENIED AS MOOT.

Signed at Houston, Texas on March 26, 2018.

Gray H. Miller
United States District Judge

---

[1] To any extent defendant's motion for reconsideration can be construed as one brought under Rule 59, the Court's rulings herein would remain unchanged. *See Williams v. Thaler*, 602 F.3d 291, 312-13 (5th Cir. 2010) ("We find that because Williams's Rule 59(e) claim of actual innocence is properly characterized as a second or successive petition, the district court did not have jurisdiction to consider that claim.").