# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION H-14-130 |
| v. | § | |
| | § | CIVIL ACTION H-16-2073 |
| AMON RWEYEMAMU MTAZA | § | |

### MEMORANDUM OPINION AND ORDER ON SECOND LIMITED REMAND

On October 16, 2017, the Court denied defendant's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Defendant appealed, and the Fifth Circuit Court of Appeals denied defendant a certificate of appealability on April 4, 2019.

On March 12, 2019, while his appeal of the order denying section 2255 relief was pending, defendant filed a motion with this Court under FRCP 60(b)(2), (b)(3), (b)(6), and (d)(3) to set aside the order denying section 2255 relief. The Court construed the Rule 60 motion as an unauthorized successive section 2255 motion, and dismissed the motion without prejudice for want of jurisdiction on April 11, 2019. Defendant filed a timely notice of appeal as to the Court's dismissal of the Rule 60(b) motion, but did not request a certificate of appealability ("COA") from this Court prior to filing the appeal.

On November 25, 2019, the Fifth Circuit issued an order of limited remand, remanding the case to this Court "for the limited purpose of allowing the district court to decide in the first instance whether to issue a COA in connection with its April 11, 2019, order denying Mtaza's *Rule 60(b) motion*." (Docket Entry No. 190, emphasis added.) The Court denied a certificate of appealability on January 9, 2020.

On November 12, 2020, the Court received the Fifth Circuit's second order of limited remand in the appeal, remanding the case "for the limited purpose of allowing the district court to decide in the first instance whether to issue a COA in connection with its April 11, 2019, order denying *the Rule 60(d) claims* incorporated in Mtaza's Rule 60(b) motion." (Docket Entry No. 202, emphasis added.)  That is, this Court must now grant or deny a certificate of appealability as to the Rule 60(d) claims raised in the Rule 60(b) motion.

This Court liberally construed defendant's Rule 60(b) motion, including his Rule (d)(3) claims, as an unauthorized successive section 2255 motion over which it had no jurisdiction.  Moreover, the Court was without jurisdiction because defendant's appeal of the denial of his section 2255 motion was pending before the Fifth Circuit at the time the motion was filed.  To the extent the motion is not a successive habeas petition, defendant's conclusory and unsupported allegations of fraud on the court under Rule 60(d)(3) provide no basis for relief.

A certificate of appealability is DENIED in connection with this Court's April 11, 2019, order denying the Rule 60(d) claims incorporated in defendant's Rule 60(b) motion.

The Clerk of Court shall RETURN this case to the Fifth Circuit Court of Appeals.

Signed at Houston, Texas, on November 16, 2020.

_____
Gray H. Miller
Senior United States District Judge